UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

PHILLIP HARRELL,

          Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER CINDY
L. CAMMARATA, shield # 8658, POLICE OFFICER
EDWIN D. SIMON, POLICE OFFICERS JOHN DOES #
1-3,

          Defendants.

---------------------------------------------------------------------- x

**ORIGINAL**

APR 0 5 2010

BROOKLYN OFFICE

**COMPLAINT**

**CV 10 - 1504**

Jury Trial Demanded

DEARIE, CH. J.

CARTER, M.J.

## PRELIMINARY STATEMENT

1. This is a civil rights action alleging that the City of New York and several New York City Police Officers of the 77th Precinct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution, and New York State law. Specifically, plaintiff alleges that, on August 18, 2009, defendants falsely arrested him, used unreasonable force on him, unlawfully strip searched him, made false allegations about him to prosecutors, and maliciously prosecuted him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State law claim of malicious prosecution.

4. With respect to plaintiff's state law claim, a notice of claim was duly filed with the City of New York within 30 days after the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claim.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York who resides in Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Cindy L. Cammarata, Edwin D. Simon, and Police Officers John Does # 1-3 are members of the New York City Police Department's 77th Precinct. Defendants were acting under color of state law and in their capacities as NYPD officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. In the early evening of August 18, 2009, plaintiff, plaintiff's daughter, and plaintiff's friend were driving in a car in Brooklyn.

2

10. After plaintiff dropped off his daughter at her mother's home at 124 Kingston Avenue in Brooklyn, plaintiff and his friend headed to plaintiff's home at 447 Prospect Place.

11. At all relevant times, plaintiff was obeying the law and was not acting in a suspicious manner.

12. When the car was at the corner of Classon Avenue and St. John's Place, three male police officers in uniform of the 77th Precinct, including possibly Edwin D. Simon, stopped the car without legal cause.

13. The three officers exited their unmarked car and one of the officers ordered plaintiff and his friend to exit the car.

14. One of the officers, a Latino, handcuffed plaintiff excessively tight causing plaintiff pain, numbness, and bruising.

15. Plaintiff asked the three officers to loosen the cuffs but they refused.

16. The officer who handcuffed plaintiff, John Doe #1, searched plaintiff without legal cause.

17. The officer did not find anything illegal on plaintiff.

18. The other two officers, John Doe #2 (a Latino) and John Doe #3 (who is black), searched plaintiff's friend's car.

19. Upon information and belief, the officers did not find anything illegal in the car.

20. Shortly thereafter, the officers arrested plaintiff without probable cause and John Doe #1 put plaintiff in the police vehicle.

21. The three officers took plaintiff to the 77th Precinct.

3

22. Plaintiff asked John Doe # 1 to tell him the reason for his arrest, but Doe refused.

23. In the 77th Precinct, John Doe # 2 strip searched plaintiff with his fellow officers' knowledge and acquiescence.

24. The officer ordered plaintiff to strip nude, squat, bend over, spread his buttocks, lift his genitals, and cough.

25. The strip search of plaintiff was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

26. Nothing illegal was found on plaintiff.

27. After the strip search, plaintiff was locked in a cell.

28. While plaintiff was incarcerated in the precinct, Officers Cammarata and Simon, pursuant to a conspiracy with the other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff had committed a narcotics offense.

29. Sometime later, unidentified officers took plaintiff to Brooklyn Central Booking where he was held under horrible conditions.

30. Plaintiff was held in three cells all of which were several overcrowded, filthy and unsanitary, and infested with roaches. The toilets were covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

31. While plaintiff was confined in Brooklyn Central Booking, Officers Cammarata and Simon, pursuant to a conspiracy with the other officers involved in plaintiff's

4

arrest, commenced a prosecution against plaintiff by misrepresenting to the Kings County District Attorney's Office that plaintiff had committed a narcotics offense.

32. On August 20, 2009, plaintiff was arraigned on felony narcotics charges and the presiding judge set bail at $10,000.

33. Because plaintiff was unable to post bail at that time, he was taken to Rikers Island Correctional Facility.

34. Correction Officers strip searched plaintiff during the Rikers Island admission process.

35. The officers ordered plaintiff to strip nude, squat, bend over, spread his buttocks, lift his genitals, and cough.

36. Plaintiff was strip searched in a group comprised of fellow detainees.

37. The strip search was illegal because it was not conducted in private.

38. On or about August 25, 2009, plaintiff posted bail and was released from Rikers Island.

39. Plaintiff subsequently appeared in court on numerous occasions.

40. On February 26, 2010, the District Attorney's Office dismissed the charges.

41. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately one week, was deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced pain, numbness, and bruising from the excessively tight handcuffs.

## FIRST CLAIM

### (FALSE ARREST)

42. Plaintiff repeats the foregoing allegations.

43. Plaintiff did not commit a crime on August 18, 2009 and no officer observed plaintiff acting in a manner that day which gave rise to probable cause.

44. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

45. Plaintiff repeats the foregoing allegations.

46. Defendants' act of handcuffing plaintiff excessively tight, causing pain, numbness, and bruising, and then refusing to loosen the cuffs, was objectively unreasonable.

47. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

48. Plaintiff repeats the foregoing allegations.

49. Defendants' strip search of plaintiff in the 77th Precinct was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

50. The strip search of plaintiff in Rikers Island was illegal because it was conducted in front of other inmates.

51. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for two illegal strip searches.

## FOURTH CLAIM

### (FABRICATION OF EVIDENCE)

52. Plaintiff repeats the foregoing allegations.

53. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a narcotics offense.

54. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

55. Plaintiff repeats the foregoing allegations.

56. Defendants, pursuant to a conspiracy and with malice, commenced a bogus prosecution against plaintiff which deprived plaintiff of his liberty and ultimately terminated in his favor.

57. Accordingly, defendants are liable for under the Fourth Amendment and New York State law for malicious prosecution.

## SIXTH CLAIM

### (MONELL CLAIM)

58. Plaintiff repeats the foregoing allegations.

59. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

60. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

7

61. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

62. In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

## EIGHTH CLAIM
## (RESPONDEAT SUPERIOR)

63. Plaintiff repeats the foregoing allegations.

64. Defendants were acting within the scope of their employment as New York City Police Officers when they maliciously prosecuted plaintiff.

65. The City of New York is therefore vicariously liable under New York State law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

8

  b. Punitive damages in an amount to be determined by a jury;

  c. Attorney's fees and costs;

  d. Such other and further relief as the Court may deem just and proper.

DATED: April 5, 2010

                 _____
                  RICHARD J. CARDINALE
                  Attorney at Law
                  26 Court Street, Suite 1815
                  Brooklyn, New York 11242
                  (718) 624-9391

Case 1:10-cv-01504-RJD-ALC   Document 1   Filed 04/05/10   Page 10 of 10 PageID #: 10