UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

PHILLIP HARRELL,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
CINDY L. CAMMARATA, shield # 8658, POLICE
OFFICER EDWIN D. SIMON, POLICE OFFICERS
JOHN DOES # 1-3,

                                                Defendants.
----------------------------------------------------------------- X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 1504 (RJD)(ALC)

        WHEREAS, plaintiff commenced this action by filing a complaint on or about April 5, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        WHEREAS, defendants have denied any and all liability arising out of plaintiff's allegations; and

        WHEREAS, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

        1.     The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

        2.     Defendant City of New York hereby agrees to pay plaintiff Phillip Harrell the sum of **Forty-Five Thousand Dollars ($45,000.00)** in full satisfaction of all claims,

including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the named defendants, the City of New York, Cindy Cammarata and Edwin Simon, with prejudice, and to release all defendants, including the individuals sued herein as "POLICE OFFICERS JOHN DOES # 1-3," and any present or former employees and agents of the City of New York or any agency thereof, including but not limited to the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York, Cindy Cammarata and Edwin Simon, and the individuals sued herein as "POLICE OFFICERS JOHN DOES # 1-3," regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       9/28    , 2010

Richard J. Cardinale, Esq.  
*Attorney for Plaintiff*  
26 Court Street, Suite 1815  
Brooklyn, New York 11242  

By: _____  
    RICHARD J. CARDINALE, ESQ.

MICHAEL A. CARDOZO  
Corporation Counsel of the  
  City of New York  
*Attorney for Defendant City of New York*  
100 Church Street, Room 3-199  
New York, New York 10007  
(212) 788-1357  

By: _____  
    STEVEN J. AULETTA  
    Assistant Corporation Counsel

SO ORDERED:

s/ Judge Raymond J. Dearie

_____  
HONORABLE RAYMOND J. DEARIE  
UNITED STATES DISTRICT JUDGE  

9/29/10